UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| Keith Perry, | : |
| Plaintiff, | : Civil Action No.: 8:12-cv-00409 |
| v. | : |
| Comenity LLC, | : **COMPLAINT AND DEMAND FOR JURY** |
| | : **TRIAL** |
| Defendant. | : |

For this Complaint, the Plaintiff, Keith Perry, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq.

2. This Court has original jurisdiction over Plaintiff's TCPA claims. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740 (2012).

3. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

5. The Plaintiff, Keith Perry ("Plaintiff"), is an adult individual residing in Fremont, Nebraska, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

6. Defendant Comenity LLC ("Comenity"), is a Ohio business entity with a registered agent address of 1300 East Ninth Street, Cleveland, Ohio 44114.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A.     **Defendant's Abusive Behavior**

7.     In or around September 2012, Defendant began calling Plaintiff's residential phone for the purpose of contacting Plaintiff's former sister-in-law, Jana Perry.

8.     Defendant contacted Plaintiff's residential telephone number, [xxx-xxx-9054], using an automated telephone dialer system with an artificial or prerecorded voice (hereafter "Robocalls").

9.     Plaintiff has never provided Defendant with his telephone number or contact information.

10.    Plaintiff never requested to Defendant either by agreement or otherwise that he be contacted.

11.    On the contrary, Plaintiff spoke with Defendant approximately one dozen times to convey the fact that his sister-in-law has never lived with Plaintiff, and furthermore, requested that Defendant cease calls to Plaintiff's residential telephone.

12.    Despite Plaintiff's numerous attempts, Defendant continued to place Robocalls to Plaintiff on a daily basis.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

13.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14.    Without prior consent the Defendant made telephone calls to the Plaintiff's residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the Plaintiff in violation of 47 U.S.C. § 227(b)(1)(B).

15. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the Telephone Consumer Protection Act, including every one of the above-cited provisions.

16. The Plaintiff is entitled to damages as a result of the Defendant's violations.

## COUNT II

### VIOLATION OF THE NEBRASKA CONSUMER PROTECTION ACT
### Neb.Rev.Stat. § 59-1601, et. seq.

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. Defendant engaged in trade or commerce as defined by Neb.Rev.Stat. § 59-1601(2).

19. In attempting to reach Plaintiff's former sister-in-law, Defendant engaged in unfair and deceptive acts and practices, in violation of Neb.Rev.Stat. § 59-1602.

20. As a result of Defendant's acts, Plaintiff is entitled to actual damages and attorney's fees, pursuant to Neb.Rev.Stat. § 59-1609.

## COUNT III

### INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The Restatement of Torts, Second, § 652B defines intrusion upon seclusion as "[o]ne who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

23.     Nebraska further recognizes Plaintiff's right to be free from invasions of privacy, thus Defendant violated Nebraska state law.

24.     Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with frequent Robocalls.

25.     The telephone calls made by Defendant to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652B requirement for an invasion of privacy.

26.     Defendant's conduct resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

27.     As a result of these intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial.

28.     All acts of Defendant were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Statutory damages of $500.00 for each violation pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);
2. Actual damages pursuant to Neb.Rev.Stat. § 59-1609;
3. Costs of litigation and reasonable attorney's fees pursuant to Neb.Rev.Stat. § 59-1609; and
4. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: November 29, 2012

                                      Respectfully submitted,

                                      By:   */s/ Sergei Lemberg*

                                            Sergei Lemberg, Esq.
                                            Lemberg & Associates L.L.C.
                                            1100 Summer Street, 3rd Floor
                                            Stamford, CT 06905
                                            Telephone: (203) 653-2250
                                            Facsimile:  (203) 653-3424
                                            Attorney for Plaintiff